Filed 4/21/22  P. v. Edwards CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. RAUL EDWARDS, Defendant and Appellant. | F081352 (Super. Ct. No. MF012087A) OPINION |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  John S. Somers and David R. Zulfa, Judges.[†]

Patrick J. Hoynoski, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Kari Mueller, Amanda D. Cary and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Detjen, Acting P. J., Peña, J. and Smith, J.

[†]     Judge Somers sentenced appellant; Judge Zulfa ruled on appellant's petition for resentencing.

Appointed counsel for defendant Raul Edwards asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant responded, contending defense counsel was ineffective for intentionally concealing video evidence and advising him to accept a plea bargain. He claims a gross miscarriage of justice has occurred because the newly discovered evidence would have exonerated him. We strike the prior prison term enhancement and remand for resentencing. Finding no other arguable errors that would result in a disposition more favorable to defendant, we affirm in all other respects.

## BACKGROUND

On June 6, 2016, the Kern County District Attorney charged defendant with bringing a controlled substance into a correctional facility (Pen. Code, § 4573;[1] count 1), attempting to deter an executive officer from performing his or her duties (§ 69; count 2), and misdemeanor attempting to destroy or conceal evidence (§§ 664, 135; count 3). The information further alleged defendant had suffered two prior "strike" felony convictions within the meaning of the "Three Strikes" law. (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and had served one prior prison term (§ 667.5, subd. (b)).

On July 29, 2016, defendant pled no contest to counts 1 and 2 and admitted the special allegations in return for the striking of a prior strike conviction and an indicated sentence of 10 years four months, calculated as follows: on count 1, eight years (the upper term of four years, doubled pursuant to the Three Strikes law), on count 2, 16 consecutive months (eight months, doubled pursuant to the Three Strikes law), plus a

---

[1]    All statutory references are to the Penal Code unless otherwise indicated.

2.

one-year prior prison term enhancement.[2]  The sentence was to be served consecutively to the sentence in case No. 11F02202.

At the sentencing hearing on September 29, 2016, the trial court struck one of the prior strike convictions, sentenced defendant to 10 years four months in accord with its indicated sentence, and imposed various fines and fees.  Defendant did not appeal.

On March 23, 2020, defendant filed a petition to withdraw his plea and be resentenced, invoking Assembly Bill No. 1618 (2019–2020  Reg. Sess.), Senate Bill No. 1393 (2017–2018 Reg. Sess.), and Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136).

On May 4, 2020, the superior court denied the petition, concluding defendant was not eligible for resentencing because his case was final.

On May 28, 2020, defendant filed a petition for resentencing pursuant to Senate Bill 136, arguing it should apply retroactively to him to eliminate his prior prison term enhancement.

On June 8, 2020, the superior court denied the petition, again concluding defendant was not eligible for resentencing because his case was final.

On June 23, 2020, defendant filed a notice of appeal from the June 8, 2020 denial of his petition.  The superior court denied his request for a certificate of probable cause.

## DISCUSSION

### I.    Newly Discovered Evidence

Defendant contends defense counsel provided ineffective assistance because he failed to present newly discovered video evidence at trial that would have exonerated him.  Defendant explains that appellate counsel learned from defense counsel that evidence had been omitted.  Defendant claims that defense counsel was aware of this evidence when he advised defendant to accept the plea offer, and that defendant would

---

**2**    The misdemeanor (count 3) was dismissed.

3.

not have accepted the plea had he known about the evidence. He asserts that defense counsel intentionally hid the evidence.

Defendant does not describe the nature of the newly discovered video evidence, but if he does possess new evidence, he should present it by way of a writ of habeas corpus (see § 1437, subd. (a)(3) ["(a) A person unlawfully imprisoned or restrained of their liberty, under any pretense, may prosecute a writ of habeas corpus to inquire into the cause of the imprisonment or restraint. [¶] … [¶] (3)(A) New evidence exists that is credible, material, presented without substantial delay, and of such decisive force and value that it would have more likely than not changed the outcome at trial. [¶] (B) For purposes of this section, 'new evidence' means evidence that has been discovered after trial, that could not have been discovered prior to trial by the exercise of due diligence, and is admissible and not merely cumulative, corroborative, collateral, or impeaching."]).

## II.    Prior Prison Term Enhancement

We requested that the parties submit supplemental briefing on the application of Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483) to this case. The parties agree, as do we, that it applies here.

Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b) to limit prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b).) (Stats. 2019, ch. 590, § 1.) Pursuant to *In re Estrada* (1965) 63 Cal.2d 740 at page 742, the amendment was to be applied retroactively to all cases not yet final on January 1, 2020. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342.)

Newer legislation, however, has further changed this law. Effective January 1, 2022, Senate Bill 483 added section 1171.1, which extended the modifications brought about by Senate Bill 136 to judgments already final on appeal. (Stats. 2021, ch. 728, § 3.) The Legislature explicitly expressed its intent that relief pursuant to section 1171.1

4.

"not result in a longer sentence than the one originally imposed" and "that any changes to a sentence as a result of [Senate Bill 483] shall not be a basis for a prosecutor or court to rescind a plea agreement." (Stats. 2021, ch. 728, §§ 1, 3.)

Here, the trial court imposed a one-year section 667.5, subdivision (b) prior prison term enhancement based on defendant's prior prison term served for a conviction of attempted murder (§§ 664, 187, subd. (a)), which is not a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). As the parties agree, defendant is entitled to the ameliorative benefit of Senate Bill 136's amendment to section 667.5, subdivision (b). Section 1171.1, subdivision (a), added by Senate Bill 483, also requires that defendant's prior prison term enhancement be stricken.

## DISPOSITION

The prior prison term enhancement (§ 667.5, subd. (b)) is stricken. The sentence is vacated and the matter remanded to the trial court for resentencing. In all other respects, the judgment is affirmed.